**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| MATTHEW ALISON, individually and on behalf of all others similarly situated, | : | |
| Plaintiff, | : | |
| v. | : | Case No. 6:25-cv-1169 |
| HARMONY HOME BUYER, LLC | : | |
| Defendant. | : | |

## CLASS ACTION COMPLAINT

Plaintiff Matthew Alison, individually and on behalf of all others similarly situated, alleges on personal knowledge, investigation of counsel, and on information and belief, as follows:

## NATURE OF ACTION

1. As the Supreme Court has explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back. As relevant here, the Telephone Consumer Protection Act of 1991, known as the TCPA, generally prohibits robocalls to cell phones and home phones." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2343 (2020).

2. Plaintiff brings this action to enforce the consumer-privacy provisions of the TCPA alleging that Harmony Home Buyer, LLC ("Harmony Home Buyer") made pre-recorded telemarketing calls to a cellular telephone number.

3. Because telemarketing campaigns typically use technology capable of generating

thousands of similar calls per day, Plaintiff sues on behalf of a proposed nationwide class of other persons who received similar calls.

4. A class action is the best means of obtaining redress for the Defendant's illegal telemarketing and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

## PARTIES

5. Plaintiff Matthew Alison is an individual who resides in Tulsa County, Oklahoma.

6. Defendant Harmony Home Buyer, LLC is a limited liability corporation in Wichita, Kansas.

## JURISDICTION AND VENUE

7. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227 *et seq*.

8. This Court has specific personal jurisdiction over Defendant Harmony Home Buyer because it sent calls into this District, including as part of its efforts to obtain customers in this District, and because its principal place of business is within this District.

9. Venue is proper in this District under 28 U.S.C. § 1391(b)(1) and (2) because Defendant resides in this District and a substantial part of the events or omissions giving rise to the claim occurred here, including the transmission of the calls to Plaintiff within this District.

## TCPA BACKGROUND

10. In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy [.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

11. The TCPA prohibits the use of pre-recorded messages to make calls. *See* 47 U.S.C. § 227(b)(3).

12. The TCPA provides a private cause of action to persons who receive calls in violation of 47 U.S.C. § 227(b)(1)(A). *See* 47 U.S.C. § 227(b)(3).

13. According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient.

14. Congress singled out these services for special protection because Congress realized their special importance in terms of consumer privacy and therefore protected them (as in the case of cellular phones), thus shifting the cost of automated or prerecorded messages onto consumers. *See Barr v. Am. Ass'n of Pol. Consultants, Inc*, 140 S. Ct. 2335, 2363, (2020) (Gorsuch, J. & Thomas, J., concurring in part and dissenting in part).

15. "Non-emergency prerecorded voice or autodialed calls to [the destinations enumerated in 47 U.S.C. § 227(b)(1)(A)] are permissible only with the prior express consent of the called party." This includes calls made using artificial or prerecorded voices pitching services. *See* FCC Enforcement Advisory: Tel. Consumer Prot. Act Robocall & Text Rules - Biennial Reminder for Pol. Campaigns About Robocall & Text Abuse, 31 FCC Rcd. 1940, 1941 n.6 (2016).

## FACTUAL ALLEGATIONS

16. Harmony Home Buyer is a Kansas-based real estate firm that operates in and around the Wichita area.

17. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

18. Plaintiff owns a cellular telephone number with a Kansas-based number.

19. Plaintiff uses this telephone number for personal, residential, and household purposes.

20. Plaintiff's telephone number is not associated with any business, nor does Plaintiff use the telephone number for business purposes.

21. Plaintiff personally listed his telephone number on the National Do-Not-Call Registry prior to the Defendant's calls.

22. Plaintiff has never been a customer of Defendant, nor has he consented to receive telephone solicitation calls from Defendant.

23. Despite this, Plaintiff received two calls on October 31, 2024, from the number (316) 368-5442, which was flagged by Plaintiff's phone as "Spam Risk."







24. Plaintiff answered one of the calls at approximately 12:51 PM on their Kansas-based cell phone.

25. Upon answering, Plaintiff heard a pre-recorded voice message identifying the caller as “Harmony Home Buyer.”

26. The call was clearly pre-recorded because the call utilized prerecorded artificial intelligence technology due to the unnatural cadence of the delivery and the impersonal, generic messages. It sounded like a robot talking instead of a human.

27. The message solicited the sale of real estate and instructed Plaintiff to call a separate number, believed to be (316) 217-9675, if they had property to sell.

28. The purpose of the call was to promote Harmony Home Buyer's real estate services, constituting telemarketing.

29. Plaintiff and other individuals who received these prerecorded calls suffered an invasion of privacy and were harassed by the conduct of Defendant.

## CLASS ACTION ALLEGATIONS

30. Plaintiff seeks certification of the following Class pursuant to Fed. R. Civ. P. 23(b)(2) and/or (b)(3):

> **Robocall Class:** All persons in the United States who, (1) within four years prior to the commencement of this litigation until the class is certified (2) received one or more calls on their cellular telephone or any other protected telephone service (3) from or on behalf of Defendant, (4) sent using the same, or substantially similar, pre-recorded message used to contact the Plaintiff.

31. The following individuals are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, their subsidiaries, parents, successors, predecessors, and any entity in which either Defendant or their parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Class; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against the Defendant has been fully and finally adjudicated and/or released. Plaintiff Nichols anticipates the need to amend the Class definitions following appropriate discovery.

32. **Numerosity**: On information and belief, there are hundreds, if not thousands of members of the Class such that joinder of all members is impracticable.

33. **Commonality and Predominance**: There are many questions of law and fact common to the claims of the Plaintiff and the Class, and those questions predominate over any

questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

(a) Whether Defendant's conduct violated the TCPA; and

(b) whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

34. **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Class and has retained counsel competent and experienced in class actions. The Plaintiff have no interests antagonistic to those of the Class, and Defendant have no defenses unique to the Plaintiff. The Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the members of the Class and have the financial resources to do so. Neither the Plaintiff nor their counsel have any interest adverse to the Class.

35. **Appropriateness**: This class action is also appropriate for certification because the Defendant has acted or refused to act on grounds generally applicable to the Class as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making final class-wide injunctive relief appropriate. Defendant's business practices apply to and affect the members of the Class uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Class as a whole, not on facts or law applicable only to Plaintiff. Additionally, the damages suffered by individual members of the Class will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the members of the Class to obtain effective relief from Defendant's misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

## COUNT I

**Statutory Violations of the Telephone Consumer Protection Act (47 U.S.C. § 227(b)) on behalf of the Robocall Class**

36. Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

37. The Defendant violated the TCPA by sending or causing to be sent calls to the cellular telephones and other protected telephones of Plaintiff and members of the Robocall Class using pre-recorded messages without their prior express written consent.

38. As a result of Defendant's violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and Robocall Class members are entitled to an award of $500 in statutory damages for each and every violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

39. The Plaintiff and Robocall Class members are entitled to an award of treble damages if the Defendant's actions are found to have been knowing or willful.

40. Plaintiff and Robocall Class members are also entitled to and do seek injunctive relief prohibiting Defendant from using a pre-recorded voice in the future, except for emergency purposes.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

A. That the Court enter a judgment awarding Plaintiff and all class members statutory damages of $500 for each violation of the TCPA and $1,500 for each knowing or willful violation; and

B. An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing a Class the Court deems appropriate, finding that Plaintiff is a

proper representative of the Class, and appointing the lawyers and law firms representing Plaintiff as counsel for the Class; and

C. Such other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff requests a jury trial.

## DESIGNATION OF PLACE OF TRIAL

Plaintiff designates Wichita, Kansas as the place of trial.

DATED this 7th day of August, 2025.

Respectfully submitted,

MARTIN, PRINGLE, OLIVER,
WALLACE & BAUER, L.L.P.

*s/ Elisabeth M. Wilder*
Greg A. Drumright, #20743
Elisabeth M. Wilder, #30081
645 E. Douglas, Suite 100
Wichita, KS 67202
Telephone (316) 265-9311
Facsimile (316) 265-2955
gadrumright@martinpringle.com
emwilder@martinpringle.com
*Attorneys for Plaintiff*